**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Francisco R. VALERA, Gerson Nunez, Defendants–Appellants.**

Nos. 00–30128, 00–30129.

D.C. Nos. CR–99–00036–a–HRH,
CR–99–00036–2–a–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge,
T.G. NELSON and SILVERMAN, Circuit
Judges.

### MEMORANDUM *

Juan Francisco R. Valera and Gerson
Nunez appeal their sentences, arguing that
they were imposed in violation of the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000). Nunez additionally
contends the district court should have
granted his motion to suppress the evidence obtained from a wiretap.

Defendants were sentenced before the
Supreme Court decided *Apprendi* so the
arguments now raised with respect to their
sentences were not raised in the district
court. We conclude that there was no
plain error. Even if we refuse to accept
the defendants' stipulation that more than
50 grams of cocaine base were involved in
two of the counts of the indictment, a
quantity qualifying them for a term of life
imprisonment, both were sentenced to a
term well below the statutory maximum.
Valera was charged with distributing and
conspiring to distribute cocaine with a prior conviction, and therefore faced a maximum penalty of 30 years. 21 U.S.C.
§ 841(b)(1)(C). He was sentenced to 27
years. Nunez faced a maximum of 20
years and received a sentence of 12 ½
years. *Id.*

The government supported its application for a wiretap with a proper affidavit
discussing why the wiretap was necessary.
The affidavit supporting the application
detailed the limitations of other law enforcement strategies that had been tried.
It was not fatally defective because it
failed to mention that, two days before
applying for the wiretap, the investigating
officers had applied for a warrant to
search. *See U.S. v. Spagnuolo*, 549 F.2d
705, 710 (9th Cir.1977)(finding that a wiretap authorization was warranted even if
the government did not "exhaust every
conceivable alternative before obtaining
wiretap"). In addition, there is no indication that the government deliberately falsified or withheld material information. *Cf.*
*Franks v. Delaware*, 438 U.S. 154, 155–56
(1978).

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.